```
                    UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOHN BAILEY, JR.                                    CIVIL ACTION

versus                                              NO.  06-7482

ATMOS ENERGY, LONNIE LANDRY,                        SECTION: E/1
MIKE REED and JACK WRIGHT
```

**RULING ON MOTION**

Defendants filed a motion to dismiss for insufficiency of service of process, and in the alternative, a motion for a more definite statement. R.d. #13.  Plaintiff did not file a timely opposition, and oral argument was not requested. *See* Local Rules of Federal Court, LR 7.5E.[1]  After consideration of the motion, memorandum, evidence and the law, the court is prepared to rule.

**BACKGROUND**

On October 6, 2006, the plaintiff, John Bailey, Jr. ("Bailey") filed suit in federal district court against the defendants.[2]  On that day, the Clerk of Court issued summons to each of the four named defendants.  R.d. #2.  On February 15, 2007, the district court entered an Order to Show Cause, ordering

---

[1] Plaintiff's counsel, Mr. Michael Bell, appeared at Court for oral argument at the appointed hearing date, 10:30 a.m., August 29, 2007.  Later that afternoon, he notified the Court by telephone that he had not received a copy of the defendants' motion, but had received a copy of the Court Order of July 10, 2007, r.d. #14, setting the hearing date for the motion.  He further informed the Court that he would shortly file a motion to continue the hearing to allow  an opposition to be filed.  The Court held the motion in abeyance for two weeks pending receipt of a motion to continue.  No motion was filed.

[2] His complaint alleges that "contrary to the public policy of the state of Louisiana and the United States", he was terminated from his employment in retaliation for his good faith efforts to make a complaint about a direct supervisor and the district manager of Atmos Energy.  See r.d. #1, Complaint, ¶17.

that plaintiff respond in writing by February 26, 2007, as to why service had not been effected on defendants, or suffer dismissal of the lawsuit.  R.d. #3.  On February 26, 2007, at the plaintiff's request, the summons were reissued for the four defendants.  R.d. #4, 5.

By June 1, 2007, proof of service of summons and complaints upon any defendants had not been filed and none of the defendants had made an appearance.  On June 5, 2007, at r.d. #6, the district court again entered an Order to Show Cause, ordering the plaintiff to serve the summons and complaint on the defendants by June 15, 2007.  On June 15, 2007, plaintiff filed into the record, at r.d. #s 7-10, the executed returns of service on all defendants.  All defendants were served by a private server who left all summons and complaints with Carissa LeBoeuf, an employee of Atmos Energy at the office located at 3616 I-10 Service Road in Metairie, Louisiana.  According to each return, Ms. LeBoeuf "accepted copies of the complaint" on behalf of each defendant.

Defendants responded with this motion, alleging that service is deficient pursuant to Fed. R. Civ. Pro. 4(e)(1)-(2), and the Louisiana Code of Civ. Pro. arts. 1231-1234.  Alternatively, defendant's move for a more definite statement, arguing that plaintiff's complaint does not allege any law or laws upon which he asserts his claims; does not allege a protected activity under state or federal law that would support his claim; does not

allege any violation of any protected legal or contractual right.

## ANALYSIS

Fed. R. Civ. Pro. 4(e)[3] provides that, absent a waiver of service by a defendant, service on an individual may be made in any one of four ways: (1) pursuant to the law of the state in which the district court is located or service is effected; (2) by delivery of the summons and complaint to the individual personally; (3) by leaving copies at the individual's home with some person of suitable age and discretion residing therein; or (4) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. The Louisiana Code Civ. P. (La.C.C.P.) arts. 1231-1234 provide that service on an individual can be made by (1) delivering a copy of the summons and complaint to the individual; (2) leaving the citation or other process at the dwelling or usual place of abode of the person to be served with a person of a suitable age and discretion residing in the dwelling; or (3) if a person is represented by another by appointment of court, operation of law, or mandate, through personal or domiciliary service on the representative.

Fed. R. Civ. Pro. 4(h) provides that, absent waiver of

---

[3] The court assumes for purposes of this motion that service was at least attempted within the extended time limit allowed by this court's order dated June 5, 2007, therefore does not address defendants' timeliness of service argument.

-3-

service, service on a corporation may be made (1) pursuant to the law of the state in which the district court is located or service is effected; or (2) by delivering a copy of the summons and complaint to an officer, an managing or general agent, or to any other agent authorized by appointment or by law to receive service of process; or (3) if the agent is one authorized by statute to receive service, by also mailing a copy to the defendant.  La.C.C.P. art. 1261(A) provides that service on aa domestic or foreign corporation may be by personal service on any one of its agents for service of process.

Defendants argue that the individual defendants, Lonnie Landry, Mike Reed, and Jack Wright, all Louisiana residents, were not served in any of the permitted methods.  None was personally served or served at their domicile, and none works at the location where copies of service were left.  They further argue that Atmos Energy has a registered agent for service of process, which did not receive service, and that Ms. Carissa LeBoeuf is merely an employee at the Metairie office and is not authorized to accept service of process.

To survive this motion to dismiss for insufficient service of process, plaintiff must demonstrate "good cause" for his failure to properly serve the defendants. O'Meara v. New Orleans Legal Assistance Corporation, 1991 WL 110401 *1 (E.D.La.)(Sear, J.), *citing* McDonald v. United States, 898 F.2d 466, 468 (5th

Cir. 1990).  As in this case, the plaintiff in O'Meara attempted to effect service on defendants on the last day allowed by Rule 4(a), and service on both the individual and corporate defendant was made by leaving copies of the process with an employee of the defendant corporation (NOLAC).  O'Meara's process server testified by affidavit that when he arrived at the business office of NOLAC to serve Moreau and NOLAC, Florence Davis, an employee, accepted service.  Moreau, who was the director, chief executive officer and agent for service of process for NOLAC, testified by affidavit that he was at lunch at the time, and that Davis was not the appointed agent to receive service of process for him individually, or for NOLAC.  Id., *2.  Judge Sear concluded that the process server's effort to comply with the rules was not diligent, that his reason for failure to comply was not reasonable, and that simple failure to comply with the requirements for effecting service of process does not constitute "good cause" that may excuse that failure.  Id., *2, 3 and 5.

   Judge Sear's reasoning is persuasive.  In this case, plaintiff is represented by counsel who had, by leave of court, 283 days to effect proper service of process on all defendants, more than twice the time allowed by Rule 4, and still failed to do so.  Plaintiff has offered no explanation to show good cause for his failure to effect proper service.  To allow this lawsuit to proceed under this circumstance would render the plain

language of the rules meaningless.

Accordingly,

**IT IS ORDERED** that defendants' motion to dismiss for insufficiency of service of process (r.d.# 13) is **GRANTED,** dismissing **without prejudice** plaintiff's complaint against all defendants**;** and,

**IT IS FURTHER ORDERED** that defendants' alternative motion for more definite statement (r.d. #13) is **DISMISSED AS MOOT**.

New Orleans, Louisiana, September 12, 2007.

_____
**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge